IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>CHOICE HOTELS INTERNATIONAL INC.,</td><td>*</td><td></td></tr>
<tr><td>Plaintiff,</td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td>Civil Action No. PX 17-225</td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>GURNEE PROPERTY MANAGEMENT INC.,<br>*et al.*,</td><td>*</td><td></td></tr>
<tr><td>Defendants.</td><td>*</td><td></td></tr>
</table>

******

**MEMORANDUM OPINION & ORDER**

Choice Hotels International Inc. filed an Application to Confirm an Arbitration Award

against Defendants Gurnee Property Management Inc. and Syed Khan (collectively,

"Defendants"). ECF No. 1. Pending before this Court is Plaintiff's Motion to Allow Service of

Process Upon Defendants by Alternative Means. ECF No. 4. For the reasons stated below,

Plaintiff's Motion is DENIED.

Fed. R. Civ. P. 4(e) provides that service may be effected in any judicial district in one of

two ways. First, the summons and complaint can be delivered to the individual "personally or by

leaving copies thereof at the individual's dwelling house or usual place of abode with some

person of suitable age and discretion then residing therein or by delivering a copy of the

summons and of the complaint to an agent authorized by appointment or by law to receive

service of process." Fed. R. Civ. P. 4(e)(2).  Alternatively, service can be effected pursuant to the

law of the state in which the district court is located (in this case, Maryland), or in which service

is effected (in this case, Illinois). Fed. R. Civ. P. 4(e)(1).

Here, Defendant seeks to effect service pursuant to Md. Rule 2-121(b), which provides:

> When proof is made by affidavit that a defendant has acted to
> evade service, the court may order that service be made by mailing
> a copy of the summons, complaint, and all other papers filed with
> it to the defendant at the defendant's last known residence and
> delivering a copy of each to a person of suitable age and discretion
> at the place of business of the defendant.

Md. Rule 2-121(b).

"[B]ased upon the information contained in the affidavits," Plaintiff seeks to effect

alternative service of process upon Defendants, contending Defendant Khan has evaded service

on two attempts on the 10th and 11th of February 2017. ECF No. 4 at 3. However, unlike what

Plaintiff's motion suggests, Plaintiff's affidavits simply state that the affiant attempted to serve

the Defendant at a gated community and learned he had moved out six months ago.  ECF Nos. 4-

1 and -2. Accordingly, the affidavits do not demonstrate that the defendant has acted to evade

service as required by Md. Rule 2-121(b). *Cf. Uzoukwu v. Prince George's Cmty. Coll. Bd. of*

*Trustees*, No. DKC-12-3228, 2013 WL 3072373, at *3 (D. Md. June 17, 2013) (plaintiff's

"conclusory statements she offers in her unsworn motion are simply not enough to justify an

alternative method of service at this juncture" and fail to satisfy Maryland Rule 2–121(c)'s

requirement of an affidavit of previous efforts); *Nat'l Liab. & Fire Ins. Co. v. Rooding*, No.

ELH-15-2572, 2017 WL 281994, at *4 (D. Md. Jan. 23, 2017) (alternative service of process

was granted when plaintiff submitted an "'Affidavit of Evasion Pursuant to Federal Rule 4, and

Maryland Rule 2-121(c)' . . . , signed by three process servers, describing their futile efforts to

serve [defendant]"). Thus, Plaintiff's request for effect service pursuant to Md. Rule 2-121(b)

will be denied at this juncture.

Accordingly, it is this 10th day of March, 2017, by the United States District Court for

the District of Maryland, ORDERED that:

1. The motion for alternative service filed by Plaintiff (ECF No. 4) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order directly to counsel for the parties.


 3/10/2017                                                                            /S/                                    
Date                                                                      Paula Xinis
                                                                          United States District Judge