IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL, INC.

    Plaintiff,

v.                                           Civil Action No. PX-17-0225

GURNEE PROPERTY MANAGEMENT INC.,
    ET AL.

    Defendants.

******

**MEMORANDUM OPINION**

On January 24, 2017, Plaintiff Choice Hotels International, Inc. ("Choice Hotels") filed an application to confirm an arbitration award in the above-captioned case. ECF No. 1. Summonses were served on the Defendants, Gurnee Property Management, Inc. ("Gurnee") and Syed Khan ("Khan") on March 19, 2017. *See* ECF No. 10. On April 27, 2017, the Plaintiff moved for entry of default against the Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 7. The Clerk entered default on May 3, 2017. ECF No. 10. Choice Hotels has moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b). ECF No. 8. Defendants have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. Pursuant to Local Rule 105.6, a hearing is not necessary. For the reasons stated herein, Choice Hotels' Request for Judgment by Default is GRANTED.

**I.    BACKGROUND**

This action is brought by Choice Hotels, a publicly traded company incorporated under Delaware law with a principal place of business in Rockville, Maryland. ECF No. 1 at ¶ 1. In

2006, in Maryland, Choice Hotels entered into a franchise agreement with Gurnee, a corporation organized under Illinois law with a principal place of business in Gurnee, Illinois, and Khan, an individual who is domiciled in Illinois. Choice Hotels entered into a franchise agreement with Defendants to open and operate a hotel using the Econo Lodge® name and marks in Illinois. *Id.* at ¶¶ 2–4.

Choice Hotels alleges that the Defendants breached the franchise agreement by defaulting on payment of required monthly fees. ECF No. 1 at ¶¶ 4–7. As a result, Choice Hotels initiated arbitration proceedings as provided in the franchise agreement. *Id.* at ¶ 8. The Defendants failed to respond or appear despite having received adequate notice of the arbitration proceedings. *Id.* at ¶ 10. At the arbitration hearing, which took place in Maryland, the arbitrator determined that the dispute fell under the arbitration clause of the franchise agreement, that the Defendants had received adequate notice of the proceedings, and that the Defendants had breached the franchise agreement. The arbitrator also awarded Choice Hotels $90,762.43 in damages. *See id.* at ¶¶ 11, 12. Choice Hotels then filed its Application to Confirm the Arbitration Award. ECF No. 1. Choice Hotels now requests that this Court enter default judgment in this action. *Id.* at ¶ 13.

## II. DISCUSSION

### A. Default Judgment

Federal Rule of Civil Procedure 55(b) provides that default judgment may be entered "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). The entry of default judgment is a matter within the discretion of the Court. *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)).

Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), it is within the Court's discretion to grant default judgment when a defendant is unresponsive, *see Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987); *Disney Enters.*, 446 F. Supp. 2d at 405–06. To determine whether a default judgment is appropriate, the Court engages in a two-step inquiry: First, the Court must decide "whether the unchallenged facts in plaintiff['s] complaint constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010). Second, if the Court finds liability is established, it must "make an independent determination regarding the appropriate amount of damages." *Id.* The Court may hold a hearing to determine damages, or it may rely on detailed affidavits or other documentary evidence. *Lipenga v. Kambalame*, 219 F. Supp. 3d 517, 525 (D. Md. 2016).

The Defendants each were served with Choice Hotels' Application to Confirm Arbitration Award on March 19, 2017, and did not respond. *See* ECF No. 10. The Defendants also did not respond to Choice Hotels' motion for entry of default judgment, nor did Defendants move to set aside the Order of Default entered by the Clerk of the Court. The Court will exercise its discretion to grant default judgment in light of the Defendants' failure to respond. *See Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012).

**B. Liability**

Choice Hotels requests that this Court confirm the arbitration award that it received pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9, 13. ECF No. 1 at ¶¶ 13, 17. A plaintiff moving for default judgment to confirm an arbitration award "must show that it is entitled to confirmation of the arbitration award as a matter of law." *Choice Hotels International, Inc. v. Ja*

3

*I Shree Navdurga, LLC*, DKC 11-2893, 2012 WL 5995248, at *2 (D. Md. Nov. 29, 2012) (collecting cases). Section 9 of the Federal Arbitration Act provides that "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court so specified for an order confirming the award." 9 U.S.C. § 9. Section 9 further provides that this Court must grant the order unless the award is modified, vacated or corrected pursuant to sections 10 and 11 of the same Act. *Id.*

Here, Choice Hotels filed its motion for confirmation within one year of the award. *See* ECF No. 1-2 at 3. The arbitration took place in Maryland. ECF No. 1 at ¶ 11. The parties are of diverse citizenship and the jurisdictional amount in controversy has been met, so this Court properly has jurisdiction in this action. *See id.* at ¶¶ 13, 14. The dispute giving rise to the arbitration award fell under the franchise agreement, which included a mandatory arbitration clause. No evidence suggests that the franchise agreement is invalid, and so this Court's review of the arbitration award is limited to determining whether the award was procured by corruption, fraud, or undue means; whether the arbitrator exhibited partiality or misconduct; whether misconduct on the part of the arbitrator prejudiced the rights of one of the parties; and whether the arbitrator exceeded his or her powers. *See* 9 U.S.C. § 10(a).

Gurnee and Khan were served in this case and received notice of Choice Hotels' motion, but have failed to answer or to make any showing that the arbitration award should be vacated. Upon examining Choice Hotels' application and supporting documents, the Court finds no reason to vacate the award. Accordingly, the Court will grant Choice Hotels' Request for Judgment by Default and confirm the underlying arbitration award.

### C. Damages

Federal Rule of Civil Procedure 54(c) provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." The Court must make an independent determination as to the relief requested. *See Agora Fin., LLC*, 725 F. Supp. 2d at 494. Choice Hotels has provided documentation of the arbitration award and a sworn affidavit to support its request. *See* ECF Nos. 8-1, 8-2. This evidence sufficiently establishes that Choice Hotels is entitled to the $90,762.43 awarded by the arbitrator.

Choice Hotels also requests $400.00 for the cost of bringing this action and post-judgment interest. Because the cost of bringing this action was requested in Choice Hotels' initial application and is not otherwise barred, the Court will order this relief. *See* Fed. R. Civ. P. 54(c); Fed. R. Civ. P. 45(d)(1). However, post-judgment interest is awarded by operation of law and not by the Court. *See* 28 U.S.C. § 1961(a); *Choice Hotels*, 2012 WL 5995248 at *4. Therefore, the Court will not include post-judgment interest as part of the damages awarded here.

### III. CONCLUSION

For the foregoing reasons, Choice Hotels' motion for default judgment is GRANTED. Choice Hotels is entitled to $91,162.43. A separate order shall follow.

| | |
|---|---|
| 10/24/2017 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |